UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21788-CV-MORENO
(18-20907-CR-MORENO)
MAGISTRATE JUDGE REID

CELACE POLIARD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.   Introduction

This matter is before the Court on Movant's *pro se* motion to vacate, filed pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence entered following a guilty plea in Case No. 18-20907-CV-Moreno. [CV-ECF No. 1].[1] Movant was convicted of possession with intent to distribute crack cocaine and cocaine, possession of a firearm in furtherance of a drug trafficking crime, and as a felon in possession of a firearm and ammunition. [*See* CR-ECF No. 24].

---

[1] This Report uses the citation "CR-ECF No. ___" to reference docket entries in the underlying criminal Case No. 18-20907-CR-Moreno and "CV-ECF No. ___" to reference docket entries in the instant federal habeas case.

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8 and 10 Governing Section 2255 Proceedings in the United States District Courts.

The Court has reviewed Movant's motion [CV-ECF No. 1], all pertinent portions of the underlying criminal file, the government's response [CV-ECF No. 6], and the Presentence Report (PSR), addendum, and statement of reasons (SOR).

## II.    Claims

Construing the § 2255 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant alleges counsel was ineffective for failing to object to the sentencing enhancement imposed pursuant to the Armed Career Criminal Act ("ACCA") because, in all of his prior convictions, he served less than one year in prison. [CV-ECF No. 1 at 4, 13-14].

Movant asserts he did not raise this claim on appeal because trial counsel "told [him he] had nothing to appeal." [*Id*. at 4-5]. In addition, under oath, Movant claimed he did not appeal. [*Id*. at 1-3, 10]. However, he did appeal. The Eleventh Circuit affirmed Movant's conviction, recently, on January 3, 2020. *United States v. Poliard*, 789 F. App'x 212 (11th Cir. 2020). Movant asks the Court to vacate his sentence and remand the case for resentencing without the ACCA enhancement. [CV-ECF No. 1 at 12].

Upon careful and thorough review, for the reasons stated within this Report, Movant's motion should be DENIED.

### III. Relevant Procedural History

*A. Indictment and Plea Hearing*

Movant was charged in a three-count Indictment with possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [CR-ECF No. 6].

At his change-of-plea hearing, the Government read the entirety of the Indictment. [CR-ECF No. 29 at 5-9]. Movant confirmed he agreed with everything. [*Id*. at 9]. Movant understood that he was waiving his trial rights and the rights of the accused. [*Id*.]. Movant denied that anyone had forced or threatened him to plead guilty. [*Id*.]. Movant admitted he had discussed everything with counsel, including the Sentencing Guidelines and was "happy" with counsel's representation. [*Id*. at 10]. The court confirmed there was no plea agreement in this case. [*Id*.]. Movant understood he faced a maximum of twenty years for Count 1 and life in prison for Counts 2 and 3. [*Id*.]. The court explained the minimum mandatory sentences: five years for Count 2 and fifteen years for Count 3. [*Id*.]. Again, Movant said he understood. [*Id*. at 11].

Counsel asked for a downward variance to the mandatory minimum, which was a total of twenty years. [*Id*. at 13]. There was discussion about the ACCA enhancement based upon Movant's numerous prior drug offenses, which would likely place Movant in the 262- to 327-month sentencing range. [*Id*. at 13-19]. The Government sought 188 months for Counts 1 and 3, to be served consecutively to 262 months for Count 2 – a sentence totaling more than thirty-seven years. [*Id*. at 19]. Again, Movant's counsel asked for twenty years. [*Id*. at 19-20]. Movant confirmed his understanding. [*Id*. at 20].

The Government laid a factual basis for the indictment. [*Id*. at 21-23]. Movant conceded the factual proffer was correct. [*Id*. at 23]. He explained his education and denied any history of mental health care. [*Id*. at 23-24]. Movant denied he received any promise in exchange for his plea and then pled, "guilty." [*Id*. at 25]. The court determined that Movant had entered his plea freely, voluntarily, intelligently, and represented by competent counsel, and accepted Movant's guilty plea. [*Id*. at 29].

*B. Presentence Report, Sentencing Hearing, and Direct Appeal*

In preparation for the PSR, Movant accepted responsibility for his actions. [PSR ¶ 38]. The sentencing guidelines for Movant's § 922(g)(1) offense is found in U.S. Sentencing Guidelines Manual § 2K2.1 (U.S. Sentencing Comm'n 2018) (U.S.S.G.) and provides a base offense of 20. [PSR ¶ 41]. Because the offense involved six firearms, the offense was increased by two levels, pursuant to U.S.S.G.

§ 2K2.1(b)(1)(A). [PSR ¶ 42]. The firearms were also stolen, which warranted a two-level increase pursuant to U.S.S.G. § 2K1.2(b)(4)(A). [PSR ¶ 43]. Movant received a four-level increase, pursuant to U.S.S.G. § 2K1.2(b)(6)(B), because he possessed the firearms or ammunition in connection with another felony offense. [PSR ¶ 44].

The PSR contained some scrivener's errors in enumerating the convictions supporting the four-level ACCA enhancement: "F94-31558[2], F96-28869[3], F92-20136C[4], F98-13611[5], F01-43949A[6], and F04-31558.[7]" [PSR ¶ 49]. Movant's

---

[2] PSR ¶ 71 lists the case number as a 2004 case rather than a 1994 case. The Court takes judicial notice of the state's online record in Case No. F94-031558 and finds that it involves an entirely different defendant. [*See* PSR ¶ 71]. Movant is correct in his Motion that this case number is incorrectly listed and is instead the 2004 case, Case No. F04-31558. [CV-ECF No. 1 at 4]. Miami-Dade's online criminal dockets may be accessed at the following URL: https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx. Accessed May 4, 2020.

[3] In Miami-Dade County Case No. F96-28869, Movant was convicted of possession with intent to sell or deliver cannabis. [PSR ¶ 61]. He was sentenced to nine months. [*Id.*].

[4] PSR ¶ 60 lists this case as a 1996 case rather than a 1992 case (F96-20136). The Court takes judicial notice of the state's record in Case No. F92-020136 and finds that it involves an entirely different defendant. However, the PSR accurately states that in Miami-Dade County Case No. F96-20136C, Movant was convicted of armed robbery with a weapon and armed burglary. [PSR ¶ 60]. He was sentenced to nine months. [*Id.*]. The Court confirms this is accurate and takes judicial notice of Case No. F96-20136 per the online criminal docket accessed on May 4, 2020.

[5] In Miami-Dade County Case No. F98-13611, Movant was convicted of possession with intent to sell or deliver cannabis and possession with intent to sell or deliver cocaine, a violation of Fla. Stat. § 893.15. [PSR ¶ 65]. Movant was sentenced to 180 days in jail, followed by probation, but his probation was revoked. [*Id.*].

[6] In Miami-Dade County Case No. F01-4349A, Movant was convicted of possession with intent to sell, manufacture, or deliver cocaine. [PSR ¶ 69]. Movant was sentenced to 364 days. [*Id.*].

[7] In Miami-Dade County Case No. F04-31558, Movant was convicted of cocaine trafficking, a violation of a violation of Fla. Stat. § 893.15. [PSR ¶ 71]. He was sentenced to three years in prison. [*Id.*].

offense level was assessed at 33. [*Id.*]. Movant received a two-level decrease and a one-level decrease pursuant to U.S.S.G. § 3E1.1(a) and (b), respectively. [PSR ¶¶ 50, 51]. Thus, Movant's offense level was 30.

As previously identified, and when compared to the criminal history computation [PSR ¶ 72], one of the scrivener's errors, "Case No. F94-31558," appears to be a duplicate entry of F04-31558. However, a 1994 case listed in the criminal history computation section, Case No. F94-42147B[8], is used to support the ACCA enhancement, giving Movant a criminal history category of VI. [PSR ¶ 72; *see also* PSR ¶ 33]. With an offense level of 30 and a criminal history category of VI, Movant's sentencing guideline range was 135 to 168 months, but the mandatory minimum sentences required 180 months, plus a consecutive five-year term for Count 2. [PSR ¶ 109]. The Sentencing Guidelines also provided for a three- to five-year period of supervised release and a fine range of $30,000 to $1,000,000. [PSR ¶¶ 112, 116].

At sentencing, Movant confirmed he had read the PSR. [CV-ECF No. 6-1 at 4]. The court again explained the mandatory minimum sentence and asked if there were any objections to the PSR. [*Id.*]. Hearing none, the court adopted the PSR. [*Id.* at 5]. Movant stated to the court, "I leave it in the hand of God" and "I just want to

---

[8] In Miami-Dade County Case No. F94-2147B, Movant was convicted of possession with the intent to sell or deliver cocaine. [PSR ¶ 57]. He was sentenced to eight days. [*Id.*]. The Court takes judicial notice of the online criminal docket accessed on May 4, 2020.

tell my family I'm sorry for all the pain that I caused." [*Id.* at 6]. The court sentenced Movant to the mandatory minimum -- twenty years in prison and a five-year term of supervised release. [*Id.* at 7; *see also* CR-ECF No. 24]]. The court explained that Movant had the right to appeal; Movant claimed he did not want to appeal. [*Id.* at 7-8].

Nevertheless, Movant did appeal and challenged the constitutionality of the ACCA, on its face and as applied to him. *Poliard*, 789 F. App'x at 213. He also claimed the enhancement violated his Fifth- and Sixth Amendment rights because his prior convictions were not charged in the Indictment or admitted to at the plea hearing. *Id.* The Eleventh Circuit affirmed Movant's conviction and sentence. *Id.* Specifically, it found, "a prior conviction used to enhance a sentence need not be alleged in the indictment or proved to a jury beyond a reasonable doubt." *Id.* (citing *Amendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Review of Movant's § 2255 motion follows.

### IV.   Threshold Issues – Timeliness

Neither party addresses the timeliness of the motion. Nonetheless, it is clear the motion is timely filed.

## V. Applicable Law

### A. Standard of Review of Section 2255 Motions

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who is actually innocent."

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." *United States v. Frady*, 456 U.S. 152 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. This is because "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotations omitted)).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166 (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## B. *Ineffective Assistance of Counsel Principles*

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Harrington v. Richter*, 562 U.S. 86, 104 (2011). If the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland*, 466 U.S. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). To establish prejudice, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant, therefore, must establish "that counsel's errors were so serious as to

10

deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

The burden of proof is on Movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221-1222 (11th Cir. 2017). *See also* 28 U.S.C. § 2255(b), (e); Rule 2 and 4 of the Rules Governing Section 2255 Cases. This axiom is so well-settled that *Strickland* itself placed the burden of proof on habeas litigants, who, like Movant, seek to invoke the Sixth Amendment doctrine. *See generally Strickland*, 466 U.S. at 695-96; *Shiver v. United States*, 619 F. App'x 864, 865 (11th Cir. 2015). Thus, by requiring habeas litigants to bear the burden of showing constitutional error, criminal proceedings are treated as "valid until proven otherwise." *Occhicone v. Crosby*, 455 F.3d 1306, 1310 (11th Cir. 2006).

*C. Guilty Plea Principles*

It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). To be voluntary and knowing, (1) the guilty plea must be free from coercion;

(2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (table); *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999).

After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003), attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986). To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.*; *see also, United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (*per curiam*).

Courts apply a "strong presumption" that statements made by a defendant during a change of plea colloquy are true. "[W]hen a defendant makes statements

under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

## VI. Discussion

In short, Movant claims that counsel was ineffective for failing to challenge the issue of whether any of his prior convictions supported the ACCA enhancement. [CV-ECF No. 1]. Movant is incorrect in his assessment that he must have *served* one year in prison for each of the offenses in order for the ACCA sentencing enhancement to apply. [*Id*. at 13]. The government asserts the four-point enhancement was correct and nothing under the Sentencing Guidelines requires the defendant *serve* more than one year for the conviction to qualify. [CV-ECF No. 6]. Movant's claim fails.

The ACCA provides that anyone who violates § 922(g) and has three prior convictions "for a violent felony or serious drug offense" shall be sentenced to no less than fifteen years in prison. 18 U.S.C. § 924(e)(1). A violent felony is defined as any crime *punishable* by more than one year in prison that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i), (ii).

This Court is bound by Eleventh Circuit precedent that a conviction under Florida's statute for robbery with a firearm qualifies as a violent felony under the ACCA. *In re Moore*, 830 F. 3d 1268 (11th Cir. 2016). As narrated above, in Miami-Dade County Case No. F96-20136C, Movant was convicted of armed robbery with a weapon and armed burglary. Thus, only two additional qualifying convictions are necessary for the application of the ACCA. As narrated above, Movant has numerous convictions for drug offenses.

A serious drug offense is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Eleventh Circuit has repeatedly held that a violation of Florida's drug trafficking statutes (Fla. Stat. § 893.135(1)(a), (b)) qualifies as a serious drug offense under the ACCA. *United States v. Ackerman*, 709 F. App'x 924, 928 (11th Cir. 2017) (citing *United States v. James*, 430 F.3d 1150 (11th Cir. 2005) overruled on other grounds by *Johnson v. United States*, 135 S. Ct. 2551 (2015)). The statute provides penalties in excess of one-year imprisonment.

The government does not outline how each of Movant's drug convictions meets the criteria of a serious drug offense and instead relies solely on its argument that counsel is not required to raise meritless objections. [CV-ECF No. 6].

14

Nonetheless, the Court takes judicial notice of the online trial dockets and the respective sentencing entries of at least two of Movant's five drug convictions, Case Nos. F04-31558 and F98-013611. The Court finds that, in both cases, Movant was, indeed, convicted under Fla. Stat. § 893.135.[9] Notwithstanding any scrivener's error in the PSR, Movant has at least three convictions to support the ACCA enhancement. Accordingly, an argument by counsel that Movant did not have the three predicate convictions to support the ACCA enhancement would have been futile. Counsel is not required to raise meritless arguments. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection).

Movant cannot satisfy the deficiency prong of *Strickland*. Where there is no deficiency, there can be no prejudice. Accordingly, Movant's claim that counsel failed to challenge the application of the ACCA based on his prior convictions fails on the merits and should be DENIED.

The government additionally presents argument that any claim by Movant that counsel failed to file a notice of appeal fails because Movant asserted at his sentencing he did not want to appeal. [CV-ECF No. 6 at 2-3]. In any event, Movant *did* appeal. His conviction and sentence were affirmed.

---

[9] These documents are now a part of the instant record. *See* CV-ECF No.

## VII. Evidentiary Hearing

Movant is not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Townsend v. Sain*, 372 U.S. 293, 307 (1963); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (holding that § 2255 does not require that the district court hold an evidentiary hearing every time a Section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

Where, as here, there are absolutely no facts offered to support Movant's claims, the Court does not need to conduct an evidentiary hearing.

## VIII. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, in view of the entire record, the Court should deny a certificate of appealability. If Movant disagrees, he may so argue in any objections filed with the District Judge. *See* Rule 11(a), Rules Governing § 2255 Proceedings ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## IX. Recommendations

Based on the foregoing, it is recommended that the motion to vacate be DENIED on the merits, that no certificate of appealability issue, and, that this case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 1st day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Celace Poliard
17793-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE

Monique Botero
United States Attorney's Office
HIDTA
11200 NW 20th Street, Suite 101
Miami, FL 33172
305-715-7648
Fax: 305-715-7639
Email: monique.botero@usdoj.gov