UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 19-21788-CIV-MORENO

CELACE POLIARD,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER DENYING PETITIONER'S SECTION 2255 MOTION

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence (**D.E. 1**), filed on **May 3, 2019**.

The Magistrate Judge filed a Report and Recommendation (**D.E. 15**) on **June 2, 2020**. The Court has reviewed the entire file and record, made a *de novo* review of the issues raised in Petitioner's Objections to the Report and Recommendation (**D.E. 16**), and is otherwise fully advised in the premises. For the reasons explained below, it is

**ADJUDGED** that the Objections are **OVERRULED** and that the Report and Recommendation is **AFFIRMED** and **ADOPTED**. The Section 2255 Motion is thus **DENIED**.

## DISCUSSION

Petitioner's Section 2255 Motion seeks relief on a *one* ground: that "[c]ounsel was [i]neffective for allowing [him] to be unconstitutionally enhanced and sentenced as a Armed Career Criminal." (*See* D.E. 1 at 4; *see also id.* at 5–9 (asserting no other grounds).) He alleges that "counsel provide[d] no assistance in preparing for a viable defense" during the time between the Presentence Investigation Report issuing and the sentencing hearing. *Id.* at 4.

Magistrate Judge Reid concludes in her Report and Recommendation that Petitioner cannot satisfy the deficiency prong of his ineffective assistance counsel claim. Magistrate Judge Reid reasons that "[n]otwithstanding any scrivener's error in the [Presentence Investigation Report], [Petitioner] has at least three convictions to support the [Armed Career Criminal Act] enhancement" and thus "an argument by counsel that [Petitioner] did not have the three predicate convictions to support the [Armed Career Criminal Act] enhancement would have been futile." (*See* D.E. 15 at 15.) Magistrate Judge Reid then concludes that because Petitioner's counsel was not required to raise a meritless argument, the ineffective assistance of counsel claim fails. *Id.* (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) ("[A]ppellate counsel was not ineffective for failing to raise a nonmeritorious issue.")).

Petitioner timely objected to the Report and Recommendation. Although he does not specifically object to Magistrate Judge Reid's analysis, Petitioner makes these four objections:

> **(1)** The Court lacked jurisdiction to accept Petitioner's plea of guilty as to Count 1 of the Indictment and to later impose a sentence for the same because the Indictment failed to list the "essential element" of "affecting interstate commerce";
>
> **(2)** His plea of guilty as to Count 2 was jurisdictionally flawed because the Court lacked authority to impose a consecutive sentence from the "non-federal offense in Count 1";
>
> **(3)** His plea was not knowing, voluntary, and intelligent because he was not advised during the plea colloquy of the consequences of the correct guidelines range, and that because the Court did not advise Petitioner that Count 1 was a Class C felony with a maxmim sentence of 12 years, the Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure; and
>
> **(4)** Under the First Step Act, Petitioner's prior convictions would not qualify him as an armed career criminal.

(*See* D.E. 16 at 1–4.) Notably, none of Petitioner's objections *directly* relate to the ineffective assistance of counsel claim advanced in his Section 2255 Motion—which is limited to "counsel

2

provid[ing] no assistance in preparing for a viable defense" during the time between the Presentence Investigation Report issuing and the sentencing hearing. (D.E. 1 at 4.) All of these "objections," then, are new arguments—which the Court is not required to consider. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Even though the Court is not required to consider these new arguments, because the first and second objections are grounded in jurisdiction and because it is conceivable that the third and fourth objections relate to the claim in the Section 2255 Motion, the Court will exercise its discretion, in the interests of efficiency and finality, and address the objections.

The first jurisdictional objection is that the Court lacked jurisdiction to accept Petitioner's plea of guilty as to Count 1 and to later impose a sentence for the same because the Court did not inform Petitioner that federal jurisdiction was invoked. (D.E. 16 at 1–2.) The Court disagrees. The Court had jurisdiction under 18 U.S.C. Section 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." And here, Count 1 of the Indictment charged Petitioner with a violation of United States law, specifically 21 U.S.C. Section 841(a)(1). *See United States v. Poliard*, No. 1:18-cr-20907, D.E. 6 at 1–2 (S.D. Fla. Nov. 19, 2018). Thus, it is clear that the Court had jurisdiction to accept the guilty plea and to impose the sentence.

Petitioner also argues that the Court lacked jurisdiction because Count 1 of the Indictment failed to list the "essential element" of "affecting interstate commerce." (D.E. 16 at 1–2 (citing *Stirone v. United States*, 361 U.S. 212, 218 (1960).) This exact argument has been rejected before.[1]

---

[1] In similar vein, the Eleventh Circuit rejected Petitioner's as-applied challenge to his conviction under 18 U.S.C. Section 922(g)(1) because "as Poliard has stipulated -- the guns that Poliard possessed in Florida were manufactured outside of Florida and, thus, had traveled in interstate commerce." *United States v. Poliard*, 789 F. App'x 212, 213 (11th Cir. 2020)

3

In *Brown v. United States*, the petitioner filed a Section 2255 motion arguing that, under *Stirone*, the charge of violating Section 841(a)(1) was defective because the indictment failed to allege an essential element of the offense: "the nexus to interstate commerce." No. 5:99-CV-74 (WDO), 2006 WL 1519960, at *4 (M.D. Ga. May 30, 2006). There, the court explained that unlike in *Stirone*—which was a Hobbs Act case—"interstate commerce is not an essential element of" a Section 841(a)(1) violation. *Id.* at *5. The court pointed out that both "[t]he United States Supreme Court and [t]he Eleventh Circuit Court of Appeals have consistently held that Congress has the power to regulate controlled substances through the commerce clause." *Id.* at *3 (citing *United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995) (ruling that 21 U.S.C. Section 801 is a "congressional finding that authorizes federal prosecutors to enforce the laws against possession, manufacture, and sale of controlled substances . . . .")). The court thus ruled that the petitioner's argument was "without merit." *Id.* at *5. The Court agrees with *Brown*'s sound reasoning.

The bottom line is that "[i]f an indictment specifically refers to the statute on which the charge [is] based, [then] the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (citing *United States v. Stefan*, 784 F.2d 1093, 1101–02 (11th Cir. 1986)). Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." And here, Count 1 of the

---

(*per curiam*) (citing *United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010) (noting Section 922(g) "only requires that the government prove some minimal nexus to interstate commerce, which it may accomplish by demonstrat[ing] that the firearm possessed traveled in interstate commerce") (internal quotations omitted)). The Eleventh Circuit also noted that Petitioner conceded his facial challenge to Section 922(g)(1) under the Commerce Clause because the argument was "foreclosed by . . . binding precedent." *Id.* ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement.") (quoting *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011)).

Indictment alleges all that is required under *Fern*: that Petitioner "did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." *See Poliard*, No. 1:18-cr-20907, D.E. 6 at 1.[2]  Therefore, the Court finds that it had jurisdiction to accept the guilty plea and to impose the sentence for Count 1. The first objection is accordingly overruled.

The second jurisdictional objection is that Petitioner's guilty plea as to Count 2, a violation of 18 U.S.C. Section 924(c)(1)(A), is jurisdictionally flawed because the Court lacked authority to impose a sentence for Count 2 that was consecutive to the "non-federal offense in Count 1." (D.E. 16 at 2.) This objection is premised on Count 1 being jurisdictionally flawed. But as shown above, that is not the case. And there is no question that the charge in Count 1 is a *federal* offense.

In any event, federal law provides that "[m]ultiple terms of imprisonment imposed at the same time run concurrently *unless* the court orders or *the statute mandates that the terms are to run consecutively.*" 18 U.S.C. § 3584(a) (emphases added). Count 2 charged Petitioner with violating Section 924(c)(1)(A)(i), which provides in relevant part that "any person who, during and in relation to any . . . drug trafficking crime . . . in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years." Where such violation occurs, the Court is required by law to impose a consecutive sentence: "*[n]otwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently* with any other term of imprisonment imposed on the person, including any term of

---

[2] Like the Indictment here, the indictment in *Brown* charged the petitioner with "unlawfully, knowingly, and intentionally possess[ing] with intent to distribute a Schedule II controlled substance to-wit: a mixture and substance containing a detectable amount of cocaine, that is, cocaine base; all in violation of Title 21, United States Code, Section 841(a)(1)." *See* 2006 WL 1519960, at *5. And on this charge, the court ruled that "all essential elements were alleged in the indictment drawn against the Petitioner." *Id.*

imprisonment imposed for . . . [a] drug trafficking crime during which the firearm was . . . possessed." § 924(c)(1)(D) (emphases added). And so for Count 2, the Court imposed a 5-year manadatory minimum sentence, which, as required by law, was *consecutive* to the 15-year mandatory minimum sentence imposed for Count 1. *See Poliard*, No. 1:18-cr-20907, D.E. 30 at 5, 7 (S.D. Fla. Apr. 24, 2019).[3] Thus, the Court finds that the plea and the sentence for Count 2 was not jurisdictionally flawed. The second jurisdictional objection is accordingly overruled.

The third objection is that Petitioner's plea was not knowing, voluntary, and intelligent because he was not advised during the plea colloquy of the consequences of the correct guidelines range, and that because the Court did not advise Petitioner that Count 1 was a class C felony with a maximum sentence of twelve years, the Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure. (*See* D.E. 16 at 2–3.)

This argument does not appear to relate back to the ineffective assistance of counsel claim asserted in Petitioner's Section 2255 Motion—which is premised on Petitioner's counsel failing to object to the Presentence Investigation Report before the sentencing hearing. But to the extent that this argument relates back to the claim in the Motion—and thus is not improperly raised for the first time at this stage—it is nevertheless refuted by the transcript of the change of plea hearing. During the plea colloquy, the Court explained to Petitioner that "the punishment can be very severe in this case" and that "[f]or the first count 20 years is the maximum sentence of incarceration." *See Poliard*, No. 1:18-cr-20907, D.E. 29 at 10 (S.D. Fla. Apr. 24, 2019). The Court asked Petitioner if he understood this; Petitioner replied yes. *See id.* Thus, the Court complied with the

---

[3] Petitioner also argues that the Court lacked jurisdiction to impose a "sentence for a conviction under [Count 2] consecutive from a conviction under [Count 3]." (D.E. 16 at 2.) This argument misconstrues the sentence imposed. The 15-year sentence imposed for Count 3 is *concurrent* to Count 1; it is *not* consecutive to Counts 1 or 2. *See Poliard*, No. 1:18-cr-20907, D.E. 24 at 2 (S.D. Fla. Mar. 1, 2019). Rather, Count 2 is consecutive to Counts 1 and 3. *See id.*

requirement in Federal Rule of Criminal Procedure 11 that the Court "inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment." Fed. R. Crim. P. 11(b)(1)(H). The third objection is thus overruled as well.

The final objection is that under the First Step Act, Petitioner's prior convictions would not place him in the category of being an armed career criminal, and that the Report and Recommendation erred by "fixat[ing] on the U.S.S. Guidelines Manual[,] which was overruled by the First Step Act." (D.E. 16 at 3.) In other words, Petitioner argues that he is entitled to be resentenced because he no longer qualifies as an armed career criminal due to the First Step Act.

The Court finds that this final objection also misses the mark. Several federal circuit courts have held that the First Step Act amended the Controlled Substances Act's definition of the term "serious drug *felony*"; it did not the Armed Career Criminal Act's definition of "serious drug *offense*." *See United States v. Smith*, 798 F. App'x 473, 476 (11th Cir. 2020) (*per curiam*) ("[Section] 401(a)(1) of the [First Step Act] did not amend 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of a 'serious drug offense' because the plain and unambiguous language of § 401(a)(1) amends only the [Controlled Substances Act]. Nothing indicates that Congress intended to replace the [Armed Career Criminal Act's] separately defined term.") (internal citation omitted); *United States v. Smith*, 803 F. App'x 973, 974 (8th Cir. 2020) (*per curiam*) ("Contrary to Smith's contentions, the First Step Act of 2018 neither amends § 924(e)'s 'serious drug offense' or 'violent felony' definitions nor imposes a limitations period for [Armed Career Criminal Act] predicate convictions."); *United States v. Edwards*, 767 F. App'x 546 (Mem) (4th Cir. 2020) (*per curiam*) ("Edwards contends that the First Step Act amended the language of the [Armed Career Criminal Act] to define predicate offenses as prior offenses for which the offender served more than 12 months' imprisonment. However, the language on which he relies amended only the Controlled

7

Substances Act's definition of 'serious drug felony,' not the language of the [Armed Career Criminal Act]."); *see also United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340, at *7 (W.D. Mich. Dec. 5, 2019) ("The First Step Act did not modify the definition of 'serious drug offense,' or any other part of the [Armed Career Criminal Act]. Thus, the First Step Act does not impact Defendant's sentence."). Therefore, the Court finds that the First Step Act does not impact Petitioner's sentence.

## CONCLUSION

For all these reasons, it is

**ADJUDGED** that the Objections **(D.E. 16)** are **OVERRULED** and that the Report and Recommendation **(D.E. 15)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence **(D.E. 1)** is **DENIED**. It is further

**ADJUDGED** that no certificate of appealability issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd of July 2020.

*[signature: Federico A. Moreno]*

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Celace Poliard, *pro se*
17793-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 779800
Miami, FL 33177

8